IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephanie Rita Best, | C/A No. 0:15-2990-DCN-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | |
| Defendant. | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Stephanie Rita Best, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the Administrative Law Judge ("ALJ") to consider, in sequence:

> (1) whether the claimant is engaged in substantial gainful activity;
>
> (2) whether the claimant has a "severe" impairment;
>
> (3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;
>
> (4) whether the claimant can perform her past relevant work; and
>
> (5) whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[1]  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments.  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. §§ 404.1520(h), 416.920(h).



## ADMINISTRATIVE PROCEEDINGS

In March 2012, Best applied for DIB and SSI, alleging disability beginning June 1, 2011. Best's applications were denied initially and upon reconsideration, and she requested a hearing before an ALJ. A hearing was held on December 17, 2013 at which Best, who was represented by League B. Creech, Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on January 31, 2014 concluding that Best was not disabled from June 1, 2011 through the date of the decision. (Tr. 98-107.)

Best was born in 1963 and was forty-seven years old at the time of her alleged disability onset date. (Tr. 106.) She has an eighth-grade education has past relevant work experience as a kennel cleaner, a manager at a thrift store, and a manager and owner of a video store. (Tr. 348.) Best alleged disability due to rheumatoid arthritis, hypertension, hypothyroidism, and anxiety. (Tr. 347.)

In applying the five-step sequential process, the ALJ found that Best had not engaged in substantial gainful activity since June 1, 2011—her alleged onset date. The ALJ also determined that Best's rheumatoid arthritis, fibromyalgia, and anxiety disorder were severe impairments. However, the ALJ found that Best did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ found that Best retained the residual functional capacity to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, the claimant can lift and carry up to 20 pounds occasionally and 10 pounds frequently and stand, walk, and sit for six hours each in an eight-hour workday, with normal breaks. The claimant can occasionally climb, stoop, kneel, crouch, and crawl. She can frequently perform fine manipulations with her bilateral upper extremities. The claimant is limited to simple, routine, repetitive tasks in a work setting that does not require direct ongoing interaction with the general public.

(Tr. 102.) The ALJ found that Best was unable to perform past relevant work but that, considering Best's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Best could perform. Therefore, the ALJ found that Best was not disabled from June 1, 2011 through the date of the decision.

The Appeals Council denied Best's request for review on May 26, 2015, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-3.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**ISSUE**

Best raises the following issue for this judicial review:

The ALJ's decision is not supported by substantial evidence.

(Pl.'s Br., ECF No. 11.)

**DISCUSSION**

Best's specific assertions of error for this judicial review are difficult to discern and consist of less than a page of discussion in her initial brief. (See Pl.'s Br. at 8, ECF No. 11 at 8.) Best generally argues that the record reveals that "Best's complaints to her medical providers are consistent throughout the medical records." (Id.) She also argues that the ALJ overestimated her level of functioning, selectively choosing medical records supporting the ALJ's findings. In support of her arguments, Best points to her testimony indicating that her pain is unpredictable and two medical records. The first medical record is a July 19, 2013 record, which states that Best's rheumatoid arthritis is fairly well controlled but also indicates reports of fatigue, increased soft tissue pain, and a burning sensation in Best's knees. The second record is a medical record dated August 8, 2014, indicating that Best's rheumatoid arthritis is relatively well controlled with her medications but noting that Best's musculoskeletal pain was worse than her prior visit. (Id.) (citing Tr. 8, 10, 104, 119).

In her reply brief, Best directs the court to additional medical records that include observations of swelling, inflamation, and redness; findings that include a positive rheumatoid factor; a statement that Best needs to see a rheumatologist; an indication in October 2012 that Best's medication did not appear to be effective; a notation that Best had clicking in her left shoulder and

paresthesias in her left arm; and a notation that Best is accurate in her descriptions of her symptoms. (Pl.'s Reply Br. at 3-4, ECF No. 17 at 3-4.)

Contrary to Best's arguments that the ALJ selectively cited medical records, the ALJ's decision reflects that she specifically considered and analyzed the July 19, 2013 medical record[2] as well as all of the medical records cited in Best's reply brief.  Moreover, the August 8, 2014 record is dated more than six months after the ALJ's decision and was submitted to the Appeals Council. The Appeals Council found that this evidence was "new information about a later time" and did not "affect the decision about whether [Best was] disabled beginning on or before January 31, 2014." (Tr. 2.)

To the extent that Best's arguments may be construed as alleging that the ALJ failed to properly evaluate her credibility, upon review of the ALJ's decision as a whole, the record, and the parties' briefs, the court disagrees.  The court finds that Best has failed to demonstrate the ALJ's determination that Best was not entirely credible is unsupported or controlled by an error of law.  As stated above, it the ALJ's duty to weigh credibility.  See Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]").  Moreover, the ALJ's decision as a whole reflects that she considered and evaluated the relevant factors in weighing Best's credibility, and in fact, took Best's allegations into account by limiting her to light work with additional limitations.  See Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996) (explaining the two-step process for the consideration of subjective complaints); 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (listing the relevant factors for evaluating subjective complaints); Hines v. Barnhart, 453 F.3d 559, 565 n.3 (4th Cir. 2006)

---

[2] In fact, the court observes that Best's citation for the July 19, 2013 record is the ALJ's summary of that record in the decision.



(noting that a claimant's allegations "need not be accepted to the extent that they are inconsistent with available evidence"); Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993) (*per curiam*) (finding that the ALJ may properly consider inconsistencies between a plaintiff's testimony and the other evidence of record in evaluating the credibility of the plaintiff's subjective complaints); Blalock, 483 F.2d at 775 (indicating that even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence).

Thus, as argued by the Commissioner, Best has failed to demonstrate that the ALJ's decision is unsupported by substantial evidence. (See generally Def.'s Br., ECF No. 13 at 9-12) (providing support for her position that substantial evidence supports the ALJ's residual functional capacity assessment that fully accounted for all of Best's credibly supported functional limitations).

## RECOMMENDATION

For the foregoing reasons, the court finds that Best has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517. The court therefore recommends that the Commissioner's decision be affirmed.

_____
October 31, 2016                                      Paige J. Gossett
Columbia, South Carolina                              UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).