# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| STEPHANIE RITA BEST, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NANCY A. BERRYHILL, *Acting* )<br>*Commissioner of the Social Security* )<br>*Administration*, )<br>)<br>Defendant. )<br>_____ ) | No. 0:15-cv-02990-DCN<br><br>**ORDER** |

This matter is before the court on United States Magistrate Judge Paige J. Gossett's Report and Recommendation ("R&R") that the court affirm Acting Commissioner of Social Security Nancy A. Berryhill's (the "Commissioner") decision denying Plaintiff Stephanie Rita Best's ("Plaintiff") application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I. BACKGROUND

### A.   Procedural History

Plaintiff filed for SSI and DIB on March 9, 2012, alleging that she became disabled beginning June 1, 2011 because of rheumatoid arthritis, hypertension, hypothyroidism, and anxiety. Tr. 147, 287–300. Plaintiff's last date insured was March 31, 2012. Tr. 98, 147. Her claims were denied initially on August 3, 2012, and upon reconsideration on November 15, 2012. Tr. 98. At Plaintiff's request, a hearing was held before Administrative Law Judge Nicole S. Forbes-Schmitt (the

"ALJ") on December 17, 2013, where Plaintiff and a vocational expert ("VE") testified. Tr. 113–44. On January 31, 2013, the ALJ issued a decision finding that Plaintiff was not disabled under the Social Security Act. Tr. 95–107. Following the Appeals Council's denial of Plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. Tr. 1–4. Plaintiff then initiated the present appeal. ECF No. 1. On October 16, 2016, the magistrate judge issued the R&R recommending that this court affirm the ALJ's decision. ECF No. 20. Plaintiff filed objections to the R&R on November 17, 2016, ECF No. 21, and the Commissioner filed a reply on December 5, 2016. ECF No. 22.

### B. Medical History

Because Plaintiff's medical history is not directly at issue here, the court dispenses with a lengthy recitation thereof and only notes a few relevant facts. Plaintiff was born July 13, 1963 and was forty-seven years old at the time of her alleged disability onset date. Tr. 106. Prior to the ALJ's decision, plaintiff reached the age of 50, making her a person closely approaching advanced age. Id. She has an eighth-grade education and past relevant work experience as a kennel cleaner, a manager at a thrift store, and a manager and owner of a video store. Tr. 348.

### C. ALJ's Decision

Applying the five-step sequential analysis, the ALJ first noted that Plaintiff had not engaged in substantial gainful activity since June 1, 2011, her disability alleged onset date. Tr. 100. Second, the ALJ found that Plaintiff suffered from three severe impairments: rheumatoid arthritis, fibromyalgia, and anxiety. Tr. 100–01. The ALJ found that Plaintiff's hyperthyroidism, hypertension, and left-hand injury

were not severe. Id.  At the third step, the ALJ found that Plaintiff's combination of impairments did not meet the requirements of 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. 101–02.  Fourth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work.  Tr. 102–06.  The ALJ noted that Plaintiff had postural, manipulative, and social limitations—specifically, she had the ability to lift or carry twenty pounds occasionally and ten pounds frequently; stand or walk for a total of six hours in an eight-hour workday; engage in simple, routine, repetitive tasks in a work setting that did not require direct ongoing interaction with the public; and occasionally climb, stoop, kneel, crouch, and crawl.  Id.  In making this determination, the ALJ relied on treating rheumatologist Dr. Alan Nussbaum's ("Dr. Nussbaum") observations that Plaintiff's rheumatoid arthritis was so well controlled by her medication regimen that her use of prednisone was discontinued. Tr. 104.  Likewise, the ALJ considered Plaintiff's residual complaints of muscle pain and its subsequent improvement with fibromyalgia medication.  Id.

## II.  STANDARD

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  See Thomas v. Arn, 474 U.S. 140, 149–50 (1985).  The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court.  Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted). However, "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987)

### III.  DISCUSSION

Though styled as a single objection challenging the evidentiary basis for the ALJ's decision, Plaintiff appears to lodge two objections against the R&R. Plaintiff's first objection, as best the court can tell,[1] relates to the ALJ's failure to explain the weight it gave to certain "objective clinical evidence," Pl.'s Obj. 3, while the second

---

[1] This objection largely consists of an outline of the general principles governing the ALJ's analysis and the assertion that "[a]pplying these principles to the present case, the law and facts below preclude affirmation of the ALJ's findings regarding the medical source opinions, impairment severity, and medical equivalency." Pl.'s Obj. 3.

4

takes issue with the magistrate judge's finding that the ALJ properly evaluated Plaintiff's credibility regarding her subjective complaints of pain. Id. at 4.

### A.     Unspecific Objections Demand No Consideration

The court begins by noting that it is under no obligation to consider conclusory objections or attempts to challenge the entirety of the R&R without focusing the court's attention on specific errors therein. Pursuant to 28 U.S.C. § 636(b)(1)(C), the court is required to "make a de novo determination of those portions of the report . . . or recommendation[] to which [an] objection is made." "The statute does not on its face require any review at all . . . of any issue that is not the subject of an objection." Thomas, 474 U.S. 140, 149 (1985); see also United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized . . . ."); Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003) ("[P]etitioner's failure to object to the magistrate judge's recommendation with the specificity required by the Rule is, standing alone, a sufficient basis upon which to affirm the judgment of the district court."). Requiring specific objections permits the district court to "focus attention on those issues . . . that are at the heart of the parties' dispute." Thomas, 474 U.S. at 148. A litigant who objects in vague or general terms prevents the district court from focusing on specific issues for review, rendering the initial reference to the magistrate judge useless and frustrating to the purposes of the statute. Keeler v. Pea, 782 F. Supp. 42, 43 (D.S.C. 1992). Therefore, general and conclusory arguments do not constitute "objections" under 28 U.S.C.

§ 636(b)(1). Cf. id., 782 F. Supp. at 43 (finding that a litigant who files "general or conclusory objections" forfeits the right to de novo review under 28 U.S.C. § 636(b)(1)).

Plaintiff's objections are of such a general nature that they merit no consideration at all. Over the course of four pages, plaintiff provides a brief recitation of the relevant factual and procedural history, sets forth the general rule that an ALJ's decision must be supported by substantial evidence, and then proceeds to list various pieces of evidence found in the record. Pl.'s Objections 2–4. Plaintiff does not refer the court to a specific portion of the R&R to which she objects. Though Plaintiff apparently takes issue with "the ALJ's findings regarding the medical source opinions, impairment severity, and medical equivalency," id. at 3, and the ALJ's evaluation of her credibility. Id. at 4. Plaintiff offers little explanation for why such findings were deficient.[2] Instead, she simply points out a hodgepodge of evidence that supports her claim of debilitating limitations. However, the fact that there is some evidence in the record which supports Plaintiff's position is no reason to disturb the ALJ's findings. See Kober v. Apfel, 133 F. Supp. 2d 868, 873 (W.D. Va. 2001) ("The Commissioner's decision, 'if supported by substantial evidence, must be affirmed even though the reviewing court believes that substantial evidence also supports a contrary result.'" (quoting Estep v. Richardson, 459 F.2d 1015, 1017 (4th Cir. 1972))). In effect, Plaintiff's objections task the court with reviewing the entire

---

[2] Plaintiff references the ALJ's findings on "impairment severity," yet she does not identify any particular impairment that the ALJ should have found to be severe. Similarly, she takes issue with the ALJ's findings on "medical equivalency," but does not identify any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 that she contends the ALJ should have applied.

record to identify the manner in which the highlighted evidence should have been incorporated into the ALJ's analysis. The court declines to undertake such a task.

### B. The ALJ Offered a Sufficient Explanation of the "Objective Clinical Evidence"

Even if the court were to consider Plaintiff's objections, it would find that the ALJ sufficiently explained her decision and did not err in failing to address the various pieces of evidence Plaintiff highlights in her objections.

"An ALJ has a duty to explain the administrative decision so as to enable meaningful judicial review." Marquez v. Colvin, 2014 WL 1316113, at *3 (E.D.N.C. Mar. 31, 2014). This requires the ALJ to "explain[] the weight [] given to obviously probative exhibits," Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984) (internal quotations omitted), but the ALJ "need not cite every piece of possibly relevant evidence in the record." Fridley v. Astrue, 2014 WL 2468821, at *6 (W.D. Va. June 3, 2014).

Here, the ALJ explained her conclusion that Plaintiff's rheumatoid arthritis and fibromyalgia "are severe impairments, but not . . . disabling," finding that many of Plaintiff's symptoms improved with treatment and pointing out notes in the treatment records that undermined Plaintiff's claims of widespread, persistent pain. Tr. 103–04. Much of the "objective clinical evidence" Plaintiff highlights comes from her initial visits to a general practitioner and orthopedic surgeon in mid- to late-2011, before she received treatment from a rheumatologist. Pl.'s Objections 3 (discussing treatment records from Coastal Carolina Medical Center in June 2011 and from orthopedic surgeon Dr. Ralph Salzer in November and December of 2011). Assuming this evidence could be considered "obviously probative," it is clear from

7

the ALJ's decision why the ALJ did not rely on such evidence—Plaintiff's pre-treatment symptoms are not indicative of her post-treatment level of impairment. Plaintiff also points to certain notes from her October 2012 and March 2013 visits to her rheumatologist, Dr. Nussbaum. But the ALJ discussed the October 2012 visit, making note of Dr. Nussbaum's conclusion that Plaintiff's rheumatoid arthritis was under "fairly good control" and that her symptoms suggested a diagnosis of fibromyalgia. Tr. 104. Significantly, the ALJ found that Plaintiff's fibromyalgia pain improved in December 2012. Id. The March 2013 notes simply disclose Plaintiff's symptoms of "clicking" in her left shoulder and parentesias in her left arm. The court finds that this evidence is not so significant as to require explicit discussion by the ALJ.

### C.    The ALJ Properly Evaluated Plaintiff's Subjective Complaints of Pain

Plaintiff also argues that the ALJ's decision to discount her subjective complaints of pain was unsupported by substantial evidence. Pl.'s Objections 3–4. As the magistrate judge set forth in the R&R, credibility determinations are reserved to the ALJ, and on review, the court is restricted only to determining whether the ALJ's finding is supported by substantial evidence and whether the ALJ applied the correct legal standard. Craig, 76 F.3d at 589. The ALJ must employ a two-step process when evaluating a claimant's subjective complaints of pain.[3] SSR 96-7P.

---

[3] The court notes that SSR 96-7P was superseded by SSR 16-3P in March 2016 to remove references to the plaintiff's "credibility." SSR 16-3P. However, the ALJ's decision was issued well before SRR 16-3P, and Plaintiff's objections speak in terms of "credibility." Pl.'s Objections 4. Therefore, the court analyzes Plaintiff's objections under SSR 96-7P. See Sullivan v. Colvin, 2017 WL 473925, at *3 (W.D. Va. Feb. 3, 2017) (applying SRR 96-7P for similar reasons). In any event, "the methodology required by both SSR 16-3P and SSR 96-7P, are quite similar. Under

First, the ALJ must determine whether there is objective medical evidence showing the existence of a medical impairment which could be reasonably expected to produce the alleged pain. Id. If such evidence exists, the ALJ "must evaluate the intensity, persistence, and limiting effects of claimant's symptoms." Id. At the second step of this process, "whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record." Id. If the ALJ makes a negative credibility determination, she must explain her reasoning. Id. ("The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the [claimant] and to any subsequent reviewers the weight that the [ALJ] gave to the [claimant's] statements and the reason for that weight.").

In her decision, the ALJ outlined the required two-step process and identified specific reasons for her credibility finding that were supported by the record. Tr. 102–06. First, the ALJ found that Plaintiff's severe impairments of rheumatoid arthritis and fibromyalgia could reasonably produce Plaintiff's claimed symptoms. Tr. 103. Second, the ALJ found that Plaintiff's statements about her pain were exaggerated, noting specific inconsistencies in claimant's hearing testimony and her reports to physicians. Tr. 105. The ALJ also noted that the treatment notes were inconsistent with "the level of dysfunction [Plaintiff] is alleging," highlighting the

---

either, the ALJ is required to consider [the claimant's] report of his own symptoms against the backdrop of the entire case record." Id.

9

improvement in Plaintiff's condition after treatment.  Tr. 103–105.  The ALJ even found that the medical record does not contain any complaints of pain related to Plaintiff's fibromyalgia.  Tr. 104.

The court finds this analysis sufficient.  The ALJ fully explained her finding on Plaintiff's credibility and provided specific reasons for her assessment.  Id.  While Plaintiff may disagree with the ALJ's credibility assessment, it is not the province of this court to re-weigh conflicting evidence, to make credibility determinations, or to substitute its judgment for that of the Commissioner.  Craig, 76 F.3d at 589.  Therefore, the court finds that the ALJ's credibility determination is supported by substantial evidence in the record.

### IV.  CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's R & R, and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED**.

　　　　　　　　　　　　　　　　　　**DAVID C. NORTON**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

**March 3, 2017**
**Charleston, South Carolina**